Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI130002865
Transaction ID: 0000802319
Filing Date: 08/05/2013 06:00:13 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| **THE WEITZ COMPANY, LLC,** | ) | |
| | ) | Case ID: _____ |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| **GENERAL CASUALTY INSURANCE CO.,** | ) | **AND** |
| | ) | **PRAECIPE** |
| | ) | |
| **Defendant.** | ) | |

COMES NOW, the Plaintiff, The Weitz Company, LLC ("Weitz"), and for its claims against General Casualty Insurance Co. (the "Defendant") states and alleges the following:

### BACKGROUND

1.  Weitz is an Iowa limited liability company that is properly registered to conduct business in the State of Nebraska.

2.  Upon information and belief, the Defendant is an insurance company that is licensed to do business in the State of Nebraska.

3.  Weitz entered into a construction contract (the "NHH Contract") with Nebraska Heart Hospital, LLC ("NHH") for the construction of the Nebraska Heart Hospital at 7500 South 91st Street, Lincoln, Nebraska (the "Project").

4.  In connection with the Project, Weitz engaged various subcontractors, including Midwest Masonry, Inc. (the "Subcontractor").

5.  As described by the Subcontractor's contract with Weitz for the Project (the "Subcontract"), the Subcontractor's scope of work included, among other things, installing flashing and through wall flashing (the "Scope of Work"). A true and correct copy of the Subcontract is attached as **Exhibit A**.

6. The Subcontractor performed work on the Project from June 2002 through September 2002.

7. Upon information and belief, the Subcontractor purchased a commercial general liability policy (the "Policy") from the Defendant. The Subcontract required the Subcontractor to name Weitz as an additional insured, and upon information and belief, the Policy named Weitz as an additional insured.

8. In connection with the Project and the NHH Contract, NHH has asserted claims against Weitz in a Complaint that NHH filed on or about June 1, 2009 (the "NHH Action"). A true and correct copy of the Complaint in the NHH Action is attached as **Exhibit B**.

9. In its suit, NHH alleges that Weitz caused the following construction defects (the "Alleged Defects"):

   a. "Improper installation of through wall flashing."

   b. "Improper installation of flashing in wall rough openings."

   c. "Improper grading around the Hospital."

   d. "Failure to install access doors in duct work."

   e. "Failure to install a continuous barrier at exterior wall and ceiling joints."

   f. "Improper installation of hardie panel siding."

10. Upon information and belief, NHH claims that the Alleged Defects have caused water infiltration that has damaged other property other than the Scope of Work itself.

11. One or more of the Alleged Defects fall within the Scope of Work. Thus, Weitz filed a third-party claim against the Subcontractor (the "NHH Action Third-Party Claim"). A true and correct copy of the NHH Action Third-Party Claim is attached as **Exhibit C**.

12. Between June 11, 2009, and May 10, 2013, the court instituted a series of stays in the NHH Action. In a ruling that it issued on June 26, 2013, the court lifted the existing stay until December 31, 2013, for the purposes of conducting formal discovery.

13. On April 15, 2009, Weitz made a tender of defense to the Defendant, who declined to accept the tender of defense.

14. On or about April 17, 2013, M.E. Group, Inc., ("MEG"), the Project Engineer, filed a Complaint against Weitz (the "MEG Action"). A true and correct copy of the Complaint in the MEG Action is attached as **Exhibit D**.

15. In its suit, MEG alleges that Weitz was responsible for certain deficiencies on the Project, which allegedly resulted in water infiltration to the facility that damaged other property. MEG further alleges that Weitz failed to undertake MEG's defense to an arbitration (the "Arbitration") that NHH filed on or about September 15, 2010 filed by NHH against MEG, (collectively the "MEG Claims").

16. One or more of the MEG Claims fall within the Scope of Work. As a result, on or about April 26, 2013, Weitz filed a third-party claim against the Subcontractor (the "MEG Action Third-Party Claim"). A true and correct copy of the MEG Action Third-Party Claim is attached as **Exhibit E**.

17. In a letter dated July 11, 2013, Weitz made an additional formal tender of defense to the Defendant.

18. To date, the Defendant has declined to fulfill its duty to defend Weitz against the NHH Action and the MEG Action as defined and compelled by the Policy.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT AGAINST THE DEFENDANT**

19. Weitz incorporates paragraphs 1 through 18 as if it had restated them verbatim.

-3-

20. An actual and substantial controversy exists between Weitz and the Defendant with regard to the amount, if any, of the Subcontractor's liability for the claims of Alleged Defects in the NHH Action, the MEG Claims in the MEG Action, and the Defendant's corresponding duty to defend Weitz against the same claims of Alleged Defects in the NHH Action and the MEG Claims in the MEG Action.

21. This Court has jurisdiction to declare and adjudicate the rights and other legal relationships between Weitz and the Defendant with respect to the issues that Weitz has raised in this Complaint and the coverage, if any, offered by the Policy.

WHEREFORE Plaintiff, The Weitz Company, LLC, prays for judgment against the Defendant on its First Claim for Relief as follows:

    A. That the Court adjudicates and declares that the Policy provides insurance coverage to Weitz for the NHH Action and the MEG Action.

    B. That the Court adjudicates and declares that the Defendant must fulfill its duty to defend Weitz against the NHH Action and the MEG Action.

    C. That Weitz may recover from the Defendant the following costs under the Policy or applicable law:

        i. Costs and fees that Weitz has expended and will expend for the defense of the NHH Action and the MEG Action.

        ii. Coverage for any judgment, liability, or other obligation that may arise from the NHH Action and the MEG Action.

        iii. Attorney fees for the prosecution of this action.

        iv. Costs and interest as allowed by law.

        v. Such other and further relief as the Court may deem proper.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT AGAINST THE DEFENDANT

22. Weitz incorporates paragraphs 1 through 21 as if it had restated them verbatim.

23. The Defendant has breached the Policy by refusing to defend Weitz in the NHH Action and in the MEG Action.

24. Weitz and the Subcontractor have performed all of their material obligations under the terms of the Policies and have satisfied all conditions precedent to their entitlement to coverage under the Policies.

25. As a result of the Defendant's breach of the Policy, Weitz has suffered damages in the form of costs to defend against the NHH Action and the MEG Action from the date of Defendant's breach of contract.

WHEREFORE Plaintiff, The Weitz Company, LLC, prays for judgment against the Defendant on its Second Claim for Relief as follows:

A. That the Court finds the Defendant in breach of the Policy.

B. That Weitz may recover from the Defendant the following costs under the Policy or applicable law:

   i. Costs and fees that Weitz has expended and will expend for the defense of the NHH Action and the MEG Action.

   ii. Coverage for any judgment, liability, or other obligation that may arise from the NHH Action and the MEG Action.

   iii. Attorney fees for the prosecution of this action.

   iv. Costs and interest as allowed by law.

   v. Such other and further relief as the Court may deem proper.

DATED this 5th day of August, 2013.

        THE WEITZ COMPANY, LLC
        Plaintiff,


By:   /s/ Joel D. Heusinger
      Joel D. Heusinger, No. 18326
      Kory D. George, No. 22655
      WOODS & AITKEN LLP
      301 South 13th Street, Suite 500
      Lincoln, Nebraska 68508
      Telephone: 402-437-8500
      Facsimile: 402-437-8558
      jheusinger@woodsaitken.com
      kgeorge@woodsaitken.com

Attorneys for Plaintiff

# PRAECIPE
## TO THE CLERK OF THE COURT:

Please issue Summons and deliver the same along with the Complaint to Plaintiff's attorney for service upon the Defendant, by United States Certified Mail, Return Receipt Requested as follows:

> General Casualty Insurance Co.
> Attention:  Daniel J. Seymour
> One General Drive
> Sun Prairie, WI 53596

Please make Summons returnable according to law.

/s/ Joel D. Heusinger
Joel D. Heusinger, No. 18326
Kory D. George, No. 22655
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone:  402-437-8500
Facsimile:  402-437-8558
jheusinger@woodsaitken.com
kgeorge@woodsaitken.com

Attorneys for Plaintiff